UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOMINIC ANTHONY ROSATO,

    Plaintiff,

v.                                              Case No.:   2:24-cv-741-SPC-NPM

LEE DIXON, JON CARNER, and
DONALD SAWYER,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 27).

Plaintiff Dominic Anthony Rosato is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he sues three FCCC officials under 42 U.S.C. § 1983 for interfering with his ability to practice his wiccan faith. The Court struck Rosato's initial amended complaint because it was unsigned. (*See* Doc. 24). The Court also noted that Rosato's unsigned amended complaint did not comply with Federal Rules of Civil Procedure 8 and 10, and that the Court could not discern what the defendants did to impede Rosato's religious practices. The Court wrote that to continue prosecuting this case, Rosato must file a short and plain statement—organized into

sequentially numbered paragraphs—explaining what each defendant did to impair Rosato's religious practices.

Rosato only partially complied with the Court's order. He filed a signed amended complaint with numbered factual allegations. But the defendants argue the amended complaint nevertheless fails to provide adequate notice of the claims against them and a fair opportunity to respond. They claim it is impossible to formulate an answer to the amended complaint due to Rosato's failure to comply with Rules 8 and 10.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is

> guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23. The problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

Rosato's amended complaint falls under the second, third, and fourth categories of shotgun pleadings identified in *Weiland*. Rosato asserts he has been unable to perform monthly moon ceremonies or celebrate three particular wiccan high holy days. But he does not explain how each defendant frustrated his ability to engage in these religious activities. Rather, Rosato alleges the defendants consistently responded to his grievances by stating the FCCC would not interfere in his individual religious practices and that he could observe his holy days. Rosato confuses things further by dedicating several pages of his amended complaint to listing dates of past full and new moons and

3

describing wiccan holidays that have no apparent connection to this action. He does not allege any conduct by the defendants that prevented him from celebrating a holiday or performing a religious rite.

Rosato's amended complaint does not give the defendants fair notice of the claims against them. It is an impermissible shotgun pleading. The Court will give him another opportunity to state his claims. To survive dismissal, a second amended complaint must include a *short and plain* statement explaining what each defendant did to impair Rosato's religious practices, and it must not be replete with immaterial facts. Rosato should focus his pleading less on specific details of his religious beliefs and more on the rules, regulations, practices, or policies that substantially burden his exercise of religion. *See Dorman v. Aronofsky*, 36 F.4th 1306, 1313 (11th Cir. 2022).

Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 27) is **granted**. Rosato's Amended Complaint (Doc. 25) is **dismissed without prejudice**. Rosato may file a second amended complaint within 21 days of this Order. **Otherwise, the Court will enter judgment and close this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 6, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record